On Rehearing.
LAND, J.
“A reorganization may take place by the formation of a new corporation and the transfer to it of the assets of the old corporation in consideration of the issue of stock of the new company to shareholders of the old; but the rights of creditors cannot be prejudiced thereby.” 10 Cyc. 286.
Garland Jones, the attorney who drafted the charter and by-laws of the Gulf Land & Lumber Company, testified that he was told by Stables, president, and majority stockholder in both corporations, that the new company was to take over all the property of the old company. The new company had no assets of its own and was a fake concern, unless we assume that the intent was to reorganize the old company. On January 3, 1905, the president and secretary of the Lees-ville Lumber Company executed and signed a bill of sale, conveying, as was recited, all the assets and property of that corporation to the Gulf Land & Lumber Company, Limited. The bill of sale described this property in detail, and it appears that the mill site containing 160 acres was the only land included. On January 19, 1905, formal deeds were executed and recorded transferring the stumpage on various tracks, and 360 acres of land. The consideration in the several deeds was $1. Nothing was paid for the extra 200 acres. The diligence of the defendant has discovered that some worthless accounts and a planing mill, worth about $2,-000, and not shown to be the property of the Leesville Lumber Company, were not included in the bill of sale. If anything of value was omitted, it was an oversight, as the expressed intent was to convey all the assets and property of the grantor, as shown by the inclusion of the extra 200 acres of land. The transfer was practically one omnium bonorum. This bill of sale antedated the reorganization of the Gulf Land & Lumber Company. The secretary testified that no money passed at the time or afterwards to his knowledge on account of the purchase price. It is evident that Stables used this bill of sale as a basis for the sale of stock to third person's.
The debts of the Leesville Lumber Company were paid by the Gulf Land & Lumber Company, except the balance sued for in this ease, for which the company’s note was given.
The defense that the company paid for Stables, who had assumed the debts, may be true, but the responsibility of the corporation to creditors cannot be shifted in this way.
We see no good reason in law or in equity why a rehearing should be granted.
Rehearing refused.